17 P.(2d) 949

## STATE v. YOUNG.

### No. 3728.

Supreme Court of New Mexico.

Aug. 29, 1932.

Rehearing Denied Jan. 24, 1933.

G. A. Threlkeld and G. L. Reese, Sr., both of Roswell, for appellant.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

BICKLEY, C. J.

Appellant was convicted of stealing horses belonging to Tanner, and appeals.

The first point relied upon for reversal is that the evidence does not support the verdict.

A careful examination of the record shows that the evidence, though largely circumstantial, is sufficient.

The question of identity of the animals charged to have been stolen was an issue in the case. A defense witness named Jaeggers had testified that the horses were branded with part of a T on the left hip, "old brands * * * been on there two or three years * * * been on there at least two years." The state, in rebuttal, called witnesses who testified to the effect that the brands were fresh, been on less than a year, etc.

The appellant recalled his witness Jaeggers, and in his brief thus characterizes his purpose in so doing: "The appellant recalled the witness Bill Jaeggers, to prove facts in sur-rebuttal, and tending to show that the brands on the animals were not fresh brands."

The court sustained the objection of the state that the evidence tendered by the defendant was not proper surrebuttal. This ruling is assigned as error. It seems to us that the evidence thus offered by the defendant is what is classed as "evidence not strictly in sur-rebuttal," but merely cumulative or confirmatory, and hence its admission was within the discretion of the trial court. The point is ruled by California Sugar & White Pine Company v. Whitmer Jackson & Company, 33 N. M. 117, 263 P. 504, where it was decided: "The admission or rejection, at the stage of rebuttal, of evidence not strictly in rebuttal, is intrusted wholly to the sound discretion of the trial court."

We find no abuse of discretion by the trial court in the case at bar.

Appellant claims that the court erred in permitting a witness on his direct examination to testify to a conversation between said witness and Bill Jaeggers to the effect that said Jaeggers told the witness that two men working for appellant came and made arrangements with Jaeggers to receive and keep these horses two weeks before the appellant arrived, and to receive and keep everything appellant brought there, and that appellant was going to pay Jaeggers for it and pay him well, and that he, Jaeggers, said he had no kick coming. The evidence was objected to as hearsay, not made in the presence of appellant. The district attorney below, and the attorney general now, urge that the testimony was admissible because counsel for appellant had asked the witness on cross-examination concerning the conversation between the witness and Jaeggers about the property in question. Whether hearsay statements of a third person are admissible under the rule entitling the adverse party to the whole of the conversation where part has been given, although part of the conversation in which said hearsay was given has been admitted, we need not decide. Perhaps the exception to the rule applies only where the conversation was with one of the parties to the action. But, assuming that there may have been technical error in the reception of the testimony, it is not reversible error on the record which is all we have to go by.

"It is elementary that this court will disregard any error not prejudicial to the substantial rights of a party, and the burden of

showing such prejudices rests upon the party asserting it." Goldenberg v. Law, 17 N. M. 546, 131 P. 499, 500.

In State v. Pruett, 22 N. M. 223, 160 P. 362, 364, L. R. A. 1918A, 656, we said: "It is not pointed out in the brief of counsel for appellant, however, in what manner this evidence prejudiced the rights of his client." See State v. Garcia, 19 N. M. 414, 143 P. 1012 (2d syl.); State v. Poich, 34 N. M. 423, 282 P. 870; State v. Ancheta, 20 N. M. 19, 145 P. 1086; State v. Kelly, 27 N. M. 412, 202 P. 524, 21 A. L. R. 156.

So, here, counsel for appellant assert that the evidence was prejudicial, but leave us to speculate as to the reasons for the assertion. Here, as in State v. Pruett, supra, the testimony is of a fact in the case, standing alone.

The testimony could have no other effect than to establish that appellant had been in possession of property claimed by the state to have been recently stolen.

The jury were instructed concerning the effect to be given evidence of possession of such property as follows: "You are instructed that the possession of recently stolen property, if unexplained, is a circumstance to be taken into consideration by the jury the same as any other fact or circumstance proved in the case, and to be given such weight as the jury may deem it entitled to; and if, in this case, you believe from the evidence and beyond a reasonable doubt that defendant was found in possession of the property or any part thereof alleged in the indictment to be stolen, *if it was stolen*, you may take that fact or circumstance into consideration and give it such weight as in your mind it is entitled to, in arriving at your verdict in this case." (Italics ours.)

This cautionary phrase italicized, seems to be in accord with the statement in volume 8, Encyc. of Evidence, pages 99, 100, as follows: "Corpus Delicti Must Be Otherwise Shown.— The possession of property does not of itself raise any presumption, nor it is indeed any evidence, that the property was stolen. There must be other evidence of the corpus delicti."

So, even where the circumstance of possession of property recently stolen is said to raise a presumption that the possessor is the thief, it goes no further than to aid in determining who took the stolen property. It bears upon the identity of the thief, and not upon the question of whether there is a thief in the transaction.

Appellant's only objection to the instruction quoted, is that there was no evidence to prove that the animals found in the possession of the appellant belonged to Tanner, and that the corpus delicti was not established.

We have found that the allegation of ownership by Tanner of the horses in question, and that they had been stolen, is sustained by substantial evidence. The fact of appellant's possession of two of the stolen horses claimed by the state to belong to Tanner was established by three witnesses for the state by proper evidence not disputed by any other testimony. Indeed, certain defense testimony affirmed in appellant, at a time prior to the larceny, charged ownership and possession of the

identical horses on Jaegger's ranch, which other defense testimony shows were claimed as the horses stolen from Tanner. The appellant also produced one witness who asserted he sold to appellant the mare and colt in controversy, then located on Jaegger's ranch. The chief evidentiary value of such testimony was its tendency to explain a possession otherwise incriminating, although it would also tend to suggest a mistake by Tanner's agents in their identification of said horses as his property. Neither view of this evidence questions, and on the contrary presupposes, appellant's possession. These two animals at appellant's instance were photographed, and the photographs produced at the trial with a view of persuading the jury, not that appellant was not in possession of such animals, but that they were not in fact the same ones the state claimed them to be, namely, Tanner's animals. Thus, the real issue raised in the evidence by the appellant as to these two animals was not his possession of them, but their identity.

The appellant, in his brief, states that, even if it be conceded that the horses proved to have been in his possession belonged to Tanner, a sufficient explanation of such possession was shown: "When he stated that he bought these animals and got a bill of sale of them."

It is well established that a conviction will not be reversed where the fact to prove which the evidence was improperly admitted is not in dispute. 17 C. J., Criminal Law, § 3662.

A similar claim is made as to the court's overruling objections to questions addressed on cross-examination to the defendant's witness Covey, which it is claimed elicited hearsay. We have examined the record and find no prejudicial error, if error there was.

Appellant assigns errors on account of instructions given by the court and for failure to give certain instructions requested by appellant. After careful consideration we regard these contentions to be without merit, as we do also the contention that the court erred in overruling appellant's motion for a new trial.

The judgment must be affirmed, and it is so ordered.

SADLER and HUDSPETH, JJ., concur.

WATSON and PARKER, JJ., did not participate.