542 P.2d 832

STATE of New Mexico, Plaintiff-Appellee,

v.

Eugene GALLEGOS, Defendant-Appellant.

No. 1630.

Court of Appeals of New Mexico.

Oct. 21, 1975.

Certiorari Denied Nov. 20, 1975.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Robert R. Rothstein, Asst. Appellate Defender, Santa Fe, for appellant.

Toney Anaya, Atty. Gen., Jay F. Rosenthal, Mark G. Shoesmith, Asst. Attys. Gen., Santa Fe, for appellee.

OPINION

HERNANDEZ, Judge.

Defendant was indicted and convicted of rape in violation of Section 40A–9–2, N.M.S.A.1953 (2d Repl. Vol. 6, Supp. 1973). He appeals alleging five points of error. We reverse.

We consider only point two as it is dispositive of this appeal. Defendant's second point is that the trial court erred in refusing to declare a mistrial because one juror did not understand the proceedings.

Shortly after the jury began its deliberations the foreman sent the following note to the court: "One of the jurors is acquainted with one of the parties in question, and, consequently, we cannot come to an impartial decision. This was not realized until certain witnesses were called." This message was read aloud in open court in the presence of defendant and his attorney and the district attorney, but out of the presence of the jury. The trial court then inquired, "What are the positions of the parties with respect to the note?" The district attorney, Mr. Kaufman, stated that if one of the jurors knew the defendant that there should be a mistrial. Defense counsel said, "I presume in terms of what Mr. Kaufman is speaking of." The trial court then stated that it was going to bring in the jury and inquire what was meant by the use of the word "parties" in the note. If it meant the defendant, the court indicated an inclination toward granting a mistrial, but if it referred merely to a witness, the court would send the jury back for further deliberation. Defense counsel stated, "We have no objections."

The jury was brought back, and the court's questioning of the foreman revealed that "parties" meant one of the witnesses. After telling the jurors that they should not let either their sympathy or prejudice influence them, the trial judge sent them back to deliberate their verdict. The defendant made no objection.

Sometime later, another note was sent by the foreman to the trial court. The second note was read aloud in open court, to-wit: "The juror knows the Defendant[']s parents and lives nearby their home and is fearful of ill feelings between (his/hers [sic]) family and theirs." At this point defense counsel moved for a mistrial because the note indicated that the jury was prejudiced against the defendant. The trial court stated that it was going to call the jury back and instruct that they were bound by their oaths to render a fair and impartial verdict and that they were not to concern themselves with the consequences of their verdict. It would then send the jury back for further deliberations. The court further stated that if after a reasonable time the same problem existed, it would entertain a motion of a mistrial. Defense counsel stated he had no objections. The trial court did as indicated and sent the jury back.

Finally, a third note was delivered to the trial court from the foreman which read: "The juror does not understand English very well, and upon being questioned in Spanish, the jury has found that he/she does not even understand the charges brought against the Defendant." Defense counsel again moved for a mistrial on the ground that since one of the jurors understood neither the reasons for defendant being on trial, nor the evidence presented against him, the defendant had been denied an impartial jury as required by the Sixth Amendment of the Constitution of the United States, and §§ 12 and 14 of Article II of the Constitution of New Mexico. The trial court denied the motion on the grounds, (1) that once the jury was sworn, neither the court nor the attorneys could "go behind the qualifications of the juror", and (2) that it did not regard the note as "an adequate basis for a mistrial." The jury was brought back into the court room and instructed that since they had been questioned by the court and the attorneys and that since none of them had responded to various negative questions which had been asked them, they were qualified. The trial court stated that it would not be proper to go behind and inquire into the qualifications of any of them. The court further informed the jury that the time to check into such matters was before the oath had been administered, and that it was therefore too late to do so after the cause had already been submitted for verdict. The jury was sent back to deliberate.

■ Article II, § 12 of the Constitution of New Mexico provides:

"The right of trial by jury as it has heretofore existed shall be secured to all and remain inviolate."

Article II, § 14 of the Constitution of New Mexico guarantees defendants an "impartial jury," which means "a jury where each and every one of the twelve members constituting the jury is totally free from any partiality whatsoever". *State v. McFall*, 67 N.M. 260, 354 P.2d 547 (1960).

■ Clearly, it would be a violation of these sections to allow one unqualified juror to serve in a criminal cause for the reason that any verdict rendered in such a situation would be less than unanimous. It is self-evident that a juror who does not possess a working knowledge of English would be unable to serve because he cannot possibly understand the issues or evaluate the evidence to arrive at an independent judgment as to the guilt or innocence of the accused. *Morris v. State*, 462 S.W.2d 842 (Ark. 1971); *State v. Scott*, 278 So.2d 121 (La. 1973). Such would not be the case if testimony and evidence were translated. As was pointed out in *Territory of New Mexico v. Romine* (Gild. 1881):

" . . . In all counties where the jury contains members representing each language [English and Spanish] or where persons speaking each are before the court, all the proceedings are translated by a sworn interpreter, who is a court officer, into the other language from that in which they originally take place. Thus, everyone interested is as fully as possible informed of every proceeding, and no injustice is done."

■ It is the duty of the trial court to see that an accused is tried by a properly qualified jury. *State v. McFall*, supra. Upon receipt of the third note we believe the trial court should have conducted a summary hearing to determine for itself the ability of the juror in question to understand English. See *State v. C. DeBaca* (Ct.App.) 541 P.2d 634, decided Sept. 30, 1975.

The conviction of the defendant is reversed and the cause is remanded for a new trial.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.