655 P.2d 1017

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Jose Moises SANDOVAL,
Defendant-Appellant.**

No. 13939.

Supreme Court of New Mexico.

Nov. 23, 1982.

Rehearing Denied Dec. 21, 1982.

Michael Dickman, Appellate Defender, David Stafford, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

PAYNE, Chief Justice.

This appeal involves two alleged errors committed during Sandoval's penitentiary riot murder trial. The State's case was based primarily on testimony by David Fuentes, who saw Sandoval enter the victim's cell and later saw the victim lying in a pool of blood but did not see Sandoval hit the victim, and testimony by Tunnell, who did see Sandoval hit the victim and to whom Sandoval stated that he had killed the victim.

The State disclosed statements of two witnesses *after* certifying compliance with N.M.R.Crim.P. 27, N.M.S.A. 1978 (Repl. Pamp.1980). The State also disclosed two statements by Fuentes for the first time during the trial, after certifying full compliance with Rule 27. Rule 27(a)(6) provides:

(a) **Information subject to disclosure.** [W]ithin ten days after arraignment * * the state shall disclose or make available to the defendant:

* * * * * *

(6) **exculpatory evidence.** Any material evidence favorable to the defendant which the state is required to produce under the due process clause of the United States constitution.

These witnesses and the substance of their statements were:

1. James French—two statements that he saw the murder and that only blacks were involved (the defendant is not black).
2. Kari Oranen—statements dealing with the murder which were inculpatory but different from the versions of the State's witnesses.

3. David Fuentes—one early statement about the murder in general in which he did not mention Sandoval, and one statement that when the killing began Sandoval was in Tunnell's cell sexually abusing Tunnell. All the other statements had indicated that Sandoval sexually abused Tunnell before and after the murder.

Sandoval moved for a mistrial or a continuance. He was granted a one week recess to allow him to further prepare in light of the newly ascertained witnesses and statements. He asserts reversible error only as to the failure to disclose Fuentes' statements.

During the recess, the media extensively covered an attempted escape incident at the penitentiary and the trials of Sandoval and Jessie Trujillo. The trial judge admonished the jury not to read anything regarding Sandoval's case. No evidence was presented that any of the jurors violated this admonition, but Sandoval moved for a mistrial and for voir dire of the jury to determine whether any of them had read the material. These motions were denied, and Sandoval claims this was reversible error.

### 1. VIOLATION OF RULE 27.

Sandoval argues that the State's failure to provide the statements of Fuentes constitutes reversible error because the statements were material to the defense and the delayed disclosure was prejudicial. Tunnell, the state's only eye-witness, was sexually abused on numerous occasions by Sandoval. The defense strategy was to exclude this fact because it could be prejudicial to Sandoval. The court agreed and excluded the evidence, leaving the defense to attack Tunnell's credibility by other means. On the other hand, the defense could have used the fact of abuse to impeach Tunnell by imputing a revenge motive. The latter approach may have been used if the State had disclosed Fuentes' statement because it provided a partial alibi for Sandoval, and places in doubt Tunnell's ability to observe the killing. The statement also conflicts with Tunnell's version of the events. San-

doval claims the one week recess was incapable of remedying the defect because the defense could not change their strategy in mid-trial without impairing their own credibility before the jury.

Sandoval seeks application of the three-prong test announced in *State v. Lovato,* 94 N.M. 780, 617 P.2d 169 (Ct.App.1980), pursuant to which he asserts that his conviction must be reversed.

■ The three-part test includes three elements:

1. The State either breached some duty or intentionally deprived the defendant of evidence;

2. The improperly "suppressed" evidence was material; and

3. The suppression of this evidence prejudiced the defendant.

*Id.* at 782, 617 P.2d at 171.

■ The *Lovato* case involved a situation where evidence had been destroyed. The three-part test there announced does not cover a situation where the State initially deprives the defendant of evidence but then later produces the evidence. Therefore, in cases when the evidence is introduced during the trial, a fourth consideration is necessary; namely, whether the failure to timely disclose the evidence was cured by the trial court.

In the present case, there is no doubt that the State breached its duty in failing to timely disclose the statement.

■ The materiality part of the test requires consideration of the proposition for which the evidence is offered and the issues in the case. E. Cleary, McCormick on Evidence § 185 at 434 (2d Ed.1972). Here, the proposition for which Sandoval claims the evidence could have been offered was that he was sexually abusing Tunnell at the time of the murder and therefore was not guilty of the murder. Under this analysis, the evidence was material.

■ The prejudice part of the test requires the court to assess whether the omitted evidence created a reasonable doubt which did not otherwise exist. The consti-

tutional dimensions of this part of the test were addressed by the United States Supreme Court in *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). There, the Court discussed the problem of a prosecutor's failure to disclose evidence when the defense counsel has made no request for it or only a general request. The Court noted that a general request "really gives the prosecutor no better notice than if no request is made," and that any duty to respond to such a request "must derive from the obviously exculpatory character of certain evidence in the hands of the prosecutor." *Id.* at 106–107, 96 S.Ct. at 2398. The Court reiterated its rejection of the proposition that a prosecutor has a constitutional duty to routinely provide defense counsel access to his entire file. Then the Court stated the following standard:

[I]f the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt.

*Id.* at 112–113, 96 S.Ct. at 2401.

To apply this standard we must first determine the nature of the request made by defense counsel. Counsel relies on Rule 27 and does not refer to any more specific request. We hold that Rule 27 constitutes a general request under *Agurs.* Therefore the standard set forth above applies to this case.

The following are the relevant portions of the statements involved for purposes of this appeal. Gallegos, an agent of the New Mexico State Police, was the interviewing officer.

Fuentes: And, uh, Moses [Sandoval] was down there but he was in Cell 45 sexually abusing the kid [Tunnell] that was in there.

\*  \*  \*  \*  \*  \*

Fuentes: And, they beat him [Teardrop, the victim] up in the cell with a cross and sticks and stuff.

Gallegos: Who's they?

Fuentes: It was, uh, okay, it was that, that big heavy set dude. And, then Moses came out, came out of here when they were beating this guy. Came out of here, whatever he was doing with Gerald Tunnell. I know he was sexually abusing him.

Gallegos: Okay.

Fuentes: And they went in there and they beat Teardrop.

■ This testimony, in the context of the entire record, does not create a reasonable doubt that did not otherwise exist. The evidence is that Sandoval was with Tunnell in cell 45, that he left the cell, entered the victim's cell and brought the victim outside cell 45, had the victim moved, left cell 45, then returned to cell 45 with a bloody typewriter roller and told Tunnell he had killed the victim. The statements set out above do not provide an alibi as Sandoval suggests. They do indicate that Sandoval may not have taken part in all aspects of the murder, but they do not create any reasonable doubt about his involvement as described by the other witnesses. Therefore, under the *Agurs* test there was no prejudice to Sandoval requiring reversal.

We hold that failure to timely disclose this particular evidence was not prejudicial and is not grounds for reversal. Our holding is supported by the fact that the prosecution did disclose the evidence during the trial, that the court granted a continuance to allow defense counsel an opportunity to evaluate the statements, and that defense counsel used the statements in their cross-examination. Although not necessary to our opinion, such factors are appropriately considered where they may serve to cure any prejudice which could result from untimely disclosure.

We emphasize, however, that the prosecution's failure to comply fully with Rule 27 is a serious matter. It would be inexcusable and unjustifiable for an innocent defendant to be tried and convicted because the prosecution failed to make the required disclosures. The standard we adopt today is adequate insurance against such an event, even though it does not require reversal for insignificant errors. The advice of the United States Supreme Court should be carefully considered by prosecutors in New Mexico:

Because we are dealing with an inevitably imprecise standard, and because the significance of an item of evidence can seldom be predicted accurately until the entire record is complete, the prudent prosecutor will resolve doubtful questions in favor of disclosure.

*Agurs,* 427 U.S. at 108, 96 S.Ct. at 2399.

### 2. REFUSAL TO VOIR DIRE JURY.

Sandoval argues that the failure of the trial court to voir dire the jury after the recess was reversible error because there was a substantial risk of prejudice from possible exposure to the publicity. The nature of the media coverage, Sandoval claims, was such that if any of the jurors saw it, prejudice to Sandoval could result. The State argues that where no allegation of violation of the judge's admonition is presented, the jury must be presumed to follow the admonition. Sandoval replies that the defense should not be required to continually observe the jurors during a continuance, and that the threat of prejudice should not depend on whether anyone actually saw a juror read the articles involved. He asserts that the proper means to protect against prejudice should be individual voir dire.

■ There is no case law in New Mexico which requires an individual voir dire in the absence of any proof or even an allegation that a juror has read a media article which could be prejudicial. To require such a procedure, where the jurors had been strongly admonished about publicity, would do little more than increase the complexity and time already involved in criminal trials. If not even an assertion of exposure is required, the court would have to voir dire the jurors after each recess, thereby drawing attention to any publicity there may be.

Rather than adopt Sandoval's proposal, we reaffirm the rule of *State v. Campos,* 61 N.M. 392, 301 P.2d 329 (1956), whereby we decline to assume that jurors will violate a court's admonition absent proof or allegation of a violation. Instead, we rely on the trial court's proper exercise of discretion in assuring the fairness of a trial. Conducting an individual voir dire in certain circumstances may be an appropriate use of discretion. *See State v. Perez,* 95 N.M. 262, 620 P.2d 1287 (1980). We encourage the trial courts to do so under circumstances such as these in this case. However, we hold that the trial judge in this case did not abuse his discretion by declining to conduct an individual voir dire here.

The conviction is affirmed.

IT IS SO ORDERED.

FEDERICE and RIORDAN, JJ., and LEON KARELITZ, Judge, concur.