659 P.2d 908

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**John DOE, a Child, Defendant-Appellant.**

**No. 5796.**

Court of Appeals of New Mexico.

Jan. 20, 1983.

Certiorari Denied March 1, 1983.

Ellen Bayard, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Ida M. Lujan, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WALTERS, Chief Judge.

Appellant child appeals his adjudication of delinquency on charges filed in Children's Court alleging four delinquent acts. He was found guilty on one count of criminal sexual penetration. We affirm.

At a jury trial, the accused, his father, sister, teacher, neighbor, and a polygrapher testified on his behalf. The State presented testimony of law enforcement officers, medical personnel, polygraphers, the victim, and of two joggers who heard the victim screaming for help at San Gabriel Park. During Doe's testimony, one of the jurors made an inaudible comment to another juror, and the trial court heard the second juror say "hush" or "shush." Appellant moved to voir dire one or the other of the two jurors. The court denied the motion; appellant alleges error in the denial.

Doe's second issue concerns disallowance of surrebuttal testimony. The defense presented polygraph evidence through Herman Romero showing that appellant truthfully denied committing the delinquent acts. On rebuttal, the State's polygrapher, Abe Rodriguez, testified that the results of the child's charts were inconclusive. Over defense objections, the State also presented in rebuttal a surprise witness, Peter Pierangeli, who was an investigator for the District Attorney and experienced in polygraphy. According to the State, and in explanation of calling Pierangeli in rebuttal, Romero had "impeached" the State's polygrapher, Abe Rodriguez, before Rodriguez took the stand in rebuttal, and Pierangeli would buttress Rodriguez's testimony that the result of the tests were inconclusive. Pierangeli, in fact, did so testify. The court refused to allow Romero to testify for the defense on surrebuttal, and defendant claims abuse of discretion.

Two issues raised in Doe's docketing statement were not briefed and are deemed abandoned. *State v. Marquez,* 96 N.M. 746, 634 P.2d 1298 (Ct.App.1981). We discuss the two claims of error outlined above.

1. *Did the trial court abuse its discretion in denying the child's motion to voir dire members of the jury?*

"A fair trial is implicit in the concept of ordered liberty. *Pointer v. State of Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965)." *State v. Gutierrez,* 78 N.M. 529, 532, 433 P.2d 508 (Ct.App.1967). The New Mexico Constitution "guarantees defendants an 'impartial jury,' which means 'a jury where each and every one of the . . . members constituting the jury is totally free from any partiality whatsoever.' *State v. McFall,* 67 N.M. 260, 354 P.2d 547 (1960)." *State v. Gallegos,* 88 N.M. 487, 489, 542 P.2d 832 (Ct.App.1975), *cert. denied* 89 N.M. 6, 546 P.2d 71 (1975).

The court is required to admonish the jury not to "discuss this case or the evidence with anyone, even with each other" after it has been sworn. U.J.I.Crim. 1.00, N.M.S.A.1978 (1982 Repl.) The appellate court will not assume that the jury has violated the court's admonition absent proof or allegation of a violation. *State v. Sandoval,* 99 N.M. 173, 655 P.2d 1017 (1982).

Was the utterance of one juror to another during the testimony of John Doe and the resulting motion of the child's attorney sufficient proof or allegation of a violation of the court's admonition? Neither the court nor the attorneys nor the court reporter heard the juror's comment. The defense motion characterized the remark as:

a comment, a very definite comment to one of the other jurors. I don't know whether that was totally innocent or not, but I believe that it was spoken in such a way that it was a definite statement of an opinion, and I believe that it was prejudicial . . . .

The response of the second juror does not meet the threshold test either of proof or of an allegation violation or of prejudice. The defense's "belief" that the remark was prejudicial is not enough. To raise an issue, there must be reasonable basis for the belief. *State v. Herrera,* 92 N.M. 7, 582 P.2d 384 (Ct.App.1978).

Defendant urges that the holdings of *State v. Evans,* 48 N.M. 58, 145 P.2d 872 (1944), and *State v. Sanchez,* 79 N.M. 701, 448 P.2d 807 (Ct.App.1968), require the court to reverse the trial court's denial of his motion to voir dire the two jurors. In *Evans,* the bailiff told the jury that one judge would declare a hung jury if, after approximately a week of deliberations, the jury could not reach a verdict. In *Sanchez,* two members of the jury admitted to reading a newspaper article concerning the case. Clear evidence of an actual juror transgression was presented in both of those cases. Here, there is no information at all concerning the subject of the juror's comment. An incident of a similar nature occurred in *State v. Barela,* 91 N.M. 634, 578 P.2d 335 (Ct.App.) *cert. denied* 91 N.M. 610, 577 P.2d 1256 (1978), and we ruled that a note indicating that some jurors feared reprisals in the future was not a sufficient basis for questioning the jury concerning the possibility of tampering. In *State v. Sanchez, supra,* we quoted at 79 N.M. 706, 448 P.2d 812, the concern stated by Justice Holmes in *Holt v. United States,* 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021 (1910):

\* \* \* If the mere opportunity for prejudice or corruption is to raise a presumption that they exist, it will be hard to maintain jury trial under the conditions of the present day \* \* \*

and noted that the truth of the observation was even more apparent a half century later.

"The trial court has the duty of seeing that there is a fair and impartial jury. In doing so it must exercise discretion. The trial court's decision will not be disturbed unless there is manifest error or a clear abuse of discretion." *State v. Maes,* 81 N.M. 550, 556, 469 P.2d 529 (Ct.App.

1970). The decision to conduct voir dire of individual jurors is also a matter within the discretion of the trial court. *State v. Sandoval, supra.* To establish an abuse of discretion, it must be shown that the trial court acted unfairly, arbitrarily or committed manifest error. *State v. Kincheloe,* 87 N.M. 34, 528 P.2d 893 (Ct.App.1974). There is a lack of evidence of probable juror impropriety—indeed, of evidence that the comment even concerned the proceedings. Consequently, there is no basis for concluding that the trial court abused its discretion in refusing to interrogate either juror.

2. *Was the trial court's refusal to allow surrebuttal testimony an abuse of discretion?*

■ In addition to arguing that the trial court abused its discretion in refusing to allow defendant's expert, Herman Romero, to testify on surrebuttal concerning testimony of the State's surprise rebuttal witness, Peter Pierangeli, the child also complains of abuse in the trial court's ruling that the State could present any rebuttal witness it wished. The second complaint is not completely correct, since the trial court's actual statement was:

> THE COURT: I'm not going to deny them the opportunity to present any witnesses on rebuttal they want, but I am going to request of you the amount of time you need to interview these witnesses.

It was within the trial court's authority and discretion to allow such rebuttal as it determined was relevant or material, and incident to a full and fair trial. *See Glass v. Stratoflex, Inc.,* 76 N.M. 595, 417 P.2d 201 (1966).

■ If evidence sought to be introduced on surrebuttal is not strictly in surrebuttal, but merely cumulative or confirmatory, its admission is within the discretion of the trial court. *State v. Young,* 37 N.M. 66, 17 P.2d 949 (1932). A trial court does not automatically abuse its discretion by permitting a witness to be called on rebuttal but refusing to permit a witness on surrebuttal. *New Mexico Feeding Co., Inc. v. Keck,* 95 N.M. 615, 624 P.2d 1012 (1981).

■ On the other hand, a defendant should always be permitted to introduce in surrebuttal such evidence as tends to meet new matter introduced by the prosecution on rebuttal. *See People v. Martinez,* 181 Colo. 27, 506 P.2d 744 (1973). In *State v. Young, supra,* a defense witness judged that brands of allegedly stolen horses were at least two years old. The State called rebuttal witnesses to testify that the brands were less than a year old. In ruling upon refusal to allow evidence in surrebuttal to show that the brands on the animals were not fresh brands, the supreme court held the proposed surrebuttal testimony was cumulative and confirmatory, and therefore within the court's discretion to exclude.

■ Defendant here sought to introduce surrebuttal testimony "to explain to the jury the difference between his [Romero's] technique and Pierangeli's, so they can understand what that was and give him a chance to rebut the allegations that were made by Pierangeli." That was a precise part of Pierangeli's testimony; he was likewise cross-examined regarding those differences. The offer of defense counsel did not address the substance of the proposed surrebuttal evidence; it suggested conclusions only. *State v. Bazan,* 90 N.M. 209, 561 P.2d 482 (Ct.App.), *cert. denied* 90 N.M. 254, 561 P.2d 1347 (1977).

Defendant's tender of proof was insufficient to overcome the redundancy of tendered cumulative surrebuttal testimony. Evidence Rules 103(a)(2), 401, N.M.S.A. 1978. *De LaO v. Bimbo's Restaurant,* 89 N.M. 800, 558 P.2d 69 (Ct.App.), *cert. denied* 90 N.M. 7, 558 P.2d 619 (1976).

No abuse of discretion having been demonstrated, the trial court's judgment is affirmed.

IT IS SO ORDERED.

LOPEZ and NEAL, JJ., concur.