This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                          **No. 30,274**

**MANUEL MARTINEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Sheri A. Raphaelson, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Adrianne R. Turner, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant Manuel Martinez appeals the district court's revocation of his probation. We affirm the district court.

**BACKGROUND**

On October 15, 2009, Defendant pleaded guilty to three counts of aggravated assault with a deadly weapon and one count of shooting at an inhabited dwelling or occupied building. [RP 30-33[1]] He was sentenced to eighteen months incarceration on each charge for a total of six years, followed by parole. [RP 32] All of the incarceration was suspended, and Defendant was placed on three years probation with conditions including not consuming or possessing alcohol. [RP 32, 41]

On January 29, 2010, Defendant was stopped for suspicion of driving while under the influence of alcohol (DWI) by a police officer driving an unmarked police surveillance vehicle. [MIO 2; RP 41] The officer, Abraham Baca, was not wearing a police uniform, but was wearing a "state police jacket" to indicate his official status. [MIO 2] After a hearing, the district court revoked Defendant's probation and sentenced him to thirty days incarceration followed by continued supervised probation. [RP 45-46]

---

[1] Record proper references are to the record for District Court Case No. D-0117-CR-200900178.

**ADEQUACY OF DISCOVERY**

Defendant asserts that the State did not provide him with a witness list and discovery sufficiently in advance of the probation revocation hearing to allow him time to adequately prepare. [DS 3; MIO 3] At the start of his probation revocation hearing, Defendant informed the district court that the State had not provided a witness list or discovery and argued that without these he would be unable to prepare for the hearing. [DS 2] The court stayed its ruling on the motion and proceeded to take evidence. [Id.] The only witness was Officer Baca, who testified among other things that he had made an audio recording of the encounter, but he did not have it with him. [DS 3] It had not been produced earlier. [Id.] The district court denied Defendant's motion alleging a violation of Rule 5-805(I) NMRA and ruled that Defendant had consumed alcohol in violation of his conditions of probation. [DS 3; RP 45-46 (No. 2009-00178)] "[T]he full rights owed a criminal defendant in a criminal prosecution do not apply in probation revocation proceedings, and only minimum due process requirements must be met." *State v. Sanchez*, 109 N.M. 718, 719, 790 P.2d 515, 516 (Ct. App. 1990); *see also* Rule 11-1101(D)(2) NMRA (providing that the Rules of Evidence do not apply in probation revocation proceedings). Rule 5-805(G) and (H) provide for an initial hearing and an adjudicatory hearing in probation revocation cases, with the latter commencing no

3

later than sixty days after the former. Rule 5-805(I) provides that "[t]he parties shall exchange witness lists and disclose proposed exhibits no less than ten . . . days after the initial hearing."

In *State v. DeBorde*, 1996-NMCA-042, ¶ 9, 121 N.M. 601, 915 P.2d 906, this Court noted the potential loss of liberty at stake in a probation revocation proceeding and stated:

> [T]ermination [of probation] calls for a reasonably orderly process, including at least some discovery prior to the hearing. The rules of criminal procedure, applied with due regard to the nature of probation revocation hearings, provide an acceptable framework for that process. While we acknowledge that probationers are not entitled to full discovery under the rules, we are persuaded that they are entitled to reasonable discovery in these hearings.

Citing *State v. Sandoval*, 99 N.M. 173, 175, 655 P.2d 1017, 1019 (1982), this Court also considered whether the defendant had been prejudiced by the lack of pre-hearing discovery and concluded he was prejudiced by the lack of opportunity to investigate an expert witness's qualifications. *DeBorde*, 1996-NMCA-042, ¶ 14.

In the present case, Defendant asserts that he was not given a witness list or other discovery materials. [DS 2] He apparently had a copy of the report of violation, however, and could determine from this who would likely be called as witnesses and the essence of their testimony. [RP 35-37] As noted earlier, the State's only witness was the arresting officer. [DS 2-3] This case, unlike *DeBorde*, does not involve

questionable expert testimony or any other factor that would have made advance disclosure essential. The district court based revocation on Defendant's consumption of alcohol in violation of the terms of his probation, not on driving while under the influence of alcohol. [RP 45] Thus, the State's evidence did not need to prove the elements of DWI.

We conclude that Defendant was not prejudiced by the State's violation of Rule 5-805(I) and affirm the district court on this issue.

**ARREST BY OFFICER OUT OF UNIFORM**

Defendant asserts that the district court committed reversible error when it found a traffic stop to be reasonable where the arresting officer was driving an unmarked police surveillance vehicle and was not wearing a New Mexico State Police uniform.

Defendant was stopped for suspicion of DWI. [RP 41] New Mexico statutes provide: "No person shall be arrested for violating the Motor Vehicle Code . . . or other law relating to motor vehicles punishable as a misdemeanor except by a commissioned, salaried peace officer who, at the time of arrest, is wearing a uniform clearly indicating the peace officer's official status." NMSA 1978, § 66-8-124(A) (2007). "Members of the New Mexico state police, sheriffs, and their salaried

5

deputies and members of any municipal police force may not make arrest for traffic violations if not in uniform[.]" NMSA 1978, § 66-8-125(C) (1978).

> If any person is arrested or brought to trial for violation of the Motor Vehicle Code or other law, ordinance or regulation relating to motor vehicles punishable as a misdemeanor by any officer, agent or employee of any political subdivision, or before any municipal judge, whose compensation depends in any way upon the arrest or conviction of persons violating these laws, ordinances or regulations, the fact of such compensation or that the person making the arrest was not in uniform at the time is a defense to the charge.

NMSA 1978, § 66-8-137(B) (1978).

To the extent that Section 66-8-137(B) may apply to the officer's stop of Defendant for suspected DWI, we propose to conclude that the issue before us does not involve a "violation of the Motor Vehicle Code or other law, ordinance or regulation relating to motor vehicles." Thus, Section 66-8-137(B) is not relevant to the probation revocation proceedings alleging possession of alcohol.

Sections 66-8-124(A) and 66-8-125(C) are directed at the police and do not specify a remedy for a person arrested by an officer out of uniform. In *State v. Slayton*, 2009-NMSC-054, ¶¶ 28-34, 147 N.M. 340, 223 P.3d 337, our Supreme Court held that the defendant's unauthorized seizure by a police aide did not require suppression of evidence under the Fourth Amendment. The Court held that "an arrest made by a state actor in violation of a statute is not per se a violation of the Fourth Amendment. The pertinent question is whether the state actor who seized the

6

defendant had probable cause to believe that a person has committed a crime in their presence." *Id.* ¶ 33 (alteration omitted) (internal quotation marks and citations omitted). Defendant in the present case does not argue that there was no probable cause to arrest him. We conclude that the Fourth Amendment does not require suppression of the evidence obtained in Defendant's arrest.

Defendant's memorandum in opposition also argues that his arrest was improper under Article II, Section 10 of the New Mexico Constitution. In *State v. Marquart,* 1997-NMCA-090, 123 N.M. 809, 945 P.2d 1027, this Court held that under the New Mexico Constitution, the exclusionary rule applies to probation revocation proceedings. Neither Defendant's docketing statement nor his memorandum in opposition indicates that an argument under Article II, Section 10 was preserved in district court. Accordingly, we do not address this question.

**CONCLUSION**

For the reasons stated in this opinion, we affirm the district court.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

7

**CYNTHIA A. FRY, Chief Judge**

_____

**LINDA M. VANZI, Judge**