684 P.2d 510

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Richard J. MONTOYA,**
**Defendant-Appellant.**

**No. 14996.**

Supreme Court of New Mexico.

July 23, 1984.

Winston Roberts-Hohl, Santa Fe, Arturo J. Gallegos, Grace B. Duran, Las Cruces, for defendant-appellant.

Paul Bardacke, Atty. Gen., William Lazar, Carol Vigil, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

STOWERS, Justice.

Richard J. Montoya (defendant) was tried by jury and convicted of first degree felony-murder and armed robbery of Robert P. Larson. The jury, pursuant to NMSA 1978, Section 31–20A–5(A) (Repl.Pamp. 1981) unanimously found that the victim was a peace officer who was performing the lawful discharge of his duties at the time of the murder. However, the jury was unable to unanimously agree that defendant be sentenced to death pursuant to NMSA 1978, Sections 31–20A–2 and –3 (Repl.Pamp.1981). Defendant was sentenced to life imprisonment for the first degree murder conviction and to nine years for the armed robbery conviction. The two sentences were to run consecutively. Defendant appeals. We affirm.

Defendant raises the following issues:

I. Whether there was sufficient proof of armed robbery to satisfy the due process minimum;

II. Whether the prosecution's failure to produce logs which indicated the amounts of money received by the deceased from the metro narcotics agency denied defendant a fair trial; and

III. Whether the introduction of photographs of the victim unfairly prejudiced defendant.

## I. Sufficiency of proof.

Defendant contends that the armed robbery conviction should be reversed because the State failed to prove that defendant took and carried away money from the victim. Defendant asserts that only by speculating could the jury reach the conclusion that he took money from the victim.

The test to determine the sufficiency of evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction. *State v. Carter*, 93 N.M. 500, 601 P.2d 733 (Ct.App.), *cert. denied*, 93 N.M. 683, 604 P.2d 821 (1979). In the present case, the jury had substantial evidence from which it could conclude that the armed robbery had occurred. A co-defendant stated that defendant had indicated that he was going to "rip-off some guy." The co-defendant told the police that he agreed to accompany defendant to help him out in case anything happened. He then described the events that transpired. Other acquaintances of defendant testified that prior to the mur-

der, defendant had told them that he was going to "rip-off" and rob someone. Another acquaintance also testified that after the murder, defendant had told him that he had "burned a dude for money." The victim, a narcotics agent, had access to a contingency fund and had told his supervisor that he was going to make a drug buy from defendant. There was testimony that money was missing from the contingency fund after the murder. Furthermore, no money was found on victim at the scene of the crime.

■■■ The evidence must be viewed in the light most favorable to the jury's verdict. Furthermore, all reasonable inferences must be allowed in support thereof. *State v. Tovar*, 98 N.M. 655, 651 P.2d 1299 (1982). A material fact may be proven by inference. *State v. Brown*, 100 N.M. 726, 676 P.2d 253 (1984). The jury could have reasonably made an inference that defendant had stolen money from the victim. Viewing the record as a whole, there was substantial evidence introduced for the jury to find that defendant committed armed robbery.

## II. Failure to produce logs.

■■■ Defendant asserts that it was reversible error to withhold from the defense additional records of the metro agency. The defense wanted to show that the contemplated drug buy of the victim was not an official transaction. Defendant contends that the entries and reports of money from the fund would have a direct bearing on establishing that fact. Defendant must be able to show that prejudice resulted from the failure to receive that report. *State v. Sandoval*, 99 N.M. 173, 655 P.2d 1017 (1982). In this case, no prejudice has been shown; whether the victim was engaged in an unauthorized practice is irrelevant to defendant's conviction of armed robbery and murder. The victim's alleged unauthorized behavior can in no way justify armed robbery and murder. Defendant asserts prejudice, but the mere claim of prejudice is insufficient to establish it. *See*

*State v. Smith*, 92 N.M. 533, 591 P.2d 664 (1979).

## III. Admission of photographs.

■■■ Defendant complains that the trial court abused its discretion by admitting photographs of the deceased, which defendant alleges made one juror physically ill. Defendant asserts that the photographs are exhibits 62, 63, and 64. Our review of the record indicates that exhibits 62, 63, and 64 are bullet or projectile fragments found at the crime scene, and not photographs. Although the exhibits were released for a co-defendant's trial, it is defendant's responsibility to ascertain from the record the nature of the exhibits which he requests this Court to review. It was clear from the record that the exhibits defendant cites in his brief were not photographs. We admonish counsel to be more careful in the future.

■■■ Although defendant cited to incorrect exhibits, we have reviewed all the photographs which were introduced and the related portions of the record. The trial court admitted photographs which served to explain, illustrate, or corroborate the testimony of the witnesses concerning the scene of the crime and the wounds of the victim. Photographs are relevant and admissible for the purpose of clarifying and illustrating testimony. *State v. Hutchinson*, 99 N.M. 616, 661 P.2d 1315 (1983); *State v. Upton*, 60 N.M. 205, 290 P.2d 440 (1955). The photographs were properly admitted. *State v. Stephens*, 93 N.M. 368, 600 P.2d 820 (1979).

Having found no error by the trial court, we hereby affirm defendant's conviction.

IT IS SO ORDERED.

FEDERICI, C.J., and RIORDAN, J., concur.