**July 6, 1992**

187

188

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, | ) ) ) | APPEAL NO. 90-060<br>CRIMINAL CASE NO. 89-329 |
| Plaintiff/Appellee, | ) ) | |
| vs. | ) ) | OPINION |
| CHARLES ODEN, | ) ) | |
| Defendant/Appellant. | ) ) ) | |

Argued and submitted October 17, 1991

Counsel for Appellee: Robert C. Naraja, Esq.
 Attorney General
 Thomas E. Sheldon, Esq.
 Assistant Attorney General
 Administration Bldg., 2nd Floor
 Saipan, MP 96950

Counsel for Appellant: Eric S. Basse, Esq.*
 Caller Box PPP, Suite 395
 Saipan, MP 96950

BEFORE: DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

DELA CRUZ, Chief Justice:

Charles Oden ("Oden" or "defendant") appeals his conviction for the offenses of criminal oral copulation and sexual abuse of a child. We affirm the conviction, vacate the sentence, and remand the case for re-sentencing.

---

* Court-appointed counsel on appeal. Appellant was represented at trial by the Office of the Public Defender.

189

I

FACTS

Oden was charged by amended information with one count of criminal oral copulation, one count of sexual abuse of a child, one count of contempt of court, and one count of obstructing justice by tampering with a witness.

The defendant was tried and found guilty by a jury on the count of criminal oral copulation. The remaining three counts were heard and decided by the trial judge because the maximum possible sentence for each of those counts did not entitle the defendant to be tried by a jury. The trial judge found the defendant guilty of sexual abuse of a child, but acquitted him on the counts of contempt and obstruction of justice. The defendant was subsequently sentenced. He appeals his conviction and sentence.

II

ISSUES ON APPEAL

The defendant raises eight specific issues on appeal:

1. Whether the trial court erred in denying defendant's motion for acquittal after the government had rested its case in chief.

2. Whether defendant was denied the right to a fair trial because of the asserted failure of the jury to follow the jury instruction as to the elements of the offense of criminal oral copulation.

3. Whether the evidence was sufficient to convict defendant of sexual abuse of a child.

4. Whether the sentence imposed by the trial court was excessive and/or illegal.

5. Whether defendant's due process rights were violated for being tried by a jury for the offense of criminal oral copulation.

190

6. Whether the Commonwealth's criminal oral copulation statute, 6 CMC § 1307(b) violates the right to privacy, due process of law and/or equal protection.

7. Whether the trial court erred in denying defendant's motion to disqualify the special prosecutor.

8. Whether defendant's conviction for both offenses constituted double jeopardy since the two offenses assertedly arose out of the "same episode."

## III

## STANDARDS OF REVIEW

Issues 1, 2, and 3 all relate to sufficiency of the evidence. We review the sufficiency of the evidence in a criminal case by determining whether, after reviewing the evidence in the light most favorable to the prosecution, any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Commonwealth v. Kaniki, No. 90-063 (N.M.I. Oct. 25, 1991); Commonwealth v. Kaipat, No. 90-059 (N.M.I. Oct. 21, 1991).

Issues 4, 5, 6, and 8 all involve questions of law and are reviewable de novo. Commonwealth v. Tinian Casino Gaming Control Commission, No. 91-025 (N.M.I. May 12, 1992). Issue number 7 concerns the denial of a motion to disqualify counsel and is reviewed for abuse of discretion. Commonwealth v. Borja, No. 91-010 (N.M.I. June 15, 1992); Lucky Development Co., Inc. v. Tokai U.S.A., Inc., No. 91-003 (N.M.I. April 20, 1992).

## IV

## ANALYSIS

We shall discuss each of the issues raised on appeal in the order presented above.

191

## 1. The denial of the motion for acquittal

Oden contends the trial judge erred in denying his motion for acquittal after the government had rested its case in chief. He argues that the evidence presented by the government concerning the date the offenses were committed was insufficient to support his conviction. The amended information alleged, and the court's instructions to the jury required a finding, that the offenses occurred "in the latter months of October, November, and December 1988."

Oden asserts that the evidence as to when the alleged offenses occurred is crucial since, without sufficient proof of such, (1) the jury may have convicted him for offenses which occurred outside that time frame, and (2) his due process right to prepare an adequate defense was violated.

At trial, the government called two witnesses: the victim and the defendant's girlfriend. Defendant asserts that the testimony of the victim regarding the date of the offenses was contradictory and inexact and therefore insufficient to support his conviction. We note, however, that "[c]hildren are less likely to distinguish dates and time with specificity." State v. D.B.S., 700 P.2d 630 (Mont. 1985), quoting State v. Clark, 682 P.2d 1339, 1344 (Mont. 1984).[1] "The fact that the victim cannot set a date for the crime

---

[1] The defendant in State v. D.B.S. appealed his conviction for a single act of incest with his child during a ten-month period claiming the state did not prove the date the offense occurred. The court affirmed and held the specific date of the offense is not a material allegation in prosecution for sexual misconduct with a child. The court stated, correctly we believe, that "[t]he law does not . . . demand impossible precision." Id. at 634, quoting State v. Clark, supra, 682 P.2d 1339 at 1343. Other jurisdictions concur. See People v. King, 581 P.2d 739 (Colo.App. 1978)(charge specifying 6-month period held adequate); People v. Wrigley, 69 Cal.2d 149, 443 P.2d 580 (Cal. 1968) (information sufficient "if it alleges the commission of the offense at any time before the filing of the information." Id., 443 P.2d at 584.); State v. Roberts, 610 P.2d 558 (Idaho 1980)(per curiam)(offense occurred in "May and June 1976" sufficient.)

should not be fatal to the State's case, thus making the defendant virtually immune from prosecution." State v. D.B.S., 700 P.2d at 634.

We have reviewed the record below and are satisfied that a rational trier of fact could reasonably infer from the testimony of the two witnesses that the offenses occurred at some time during the three-month period alleged in the amended information, notwithstanding defendant's alibi that he was off-island for a portion of the period. We, therefore, hold that the trial court did not abuse its discretion in denying defendant's motion to acquit after the government rested.

We are also not persuaded by defendant's second contention that his right to due process was somehow violated because he could not adequately prepare a defense due to the "mixed up evidence" regarding the date of the offenses. The amended information provided him with adequate notice of the crimes he was being charged with and when those crimes allegedly occurred. Although the victim's testimony at trial may have appeared confusing as to the exact times the incidents occurred, a child's testimony concerning the date of the offenses need not be exact. See State v. Clark, 682 P.2d at 1344. We find no evidence that the prosecutor attempted to solicit testimony or otherwise offer evidence that the offenses occurred at a time other than that charged in the information, or that it attempted to confuse the jury as to the time of the offenses. The fact that the victim's testimony was not specific as to the date the offenses occurred did

not deny Oden the opportunity to adequately prepare a defense.

2. The right to a fair trial.

Defendant next casts the first issue concerning when the offenses occurred in the mold of a due process argument. Specifically, he argues he was denied the right to a fair trial because the jury "completely failed to follow the judge's instructions" which required a finding that defendant committed the act of criminal oral copulation "in the latter months of October, November, and December, 1988." Defendant argues that because the evidence at trial concerning the date the offenses occurred was insufficient, the jury "must have assumed the date didn't matter." Defendant also contends that "[h]e was convicted of a crime other than that charged, because the proof at trial differed so far from the facts alleged in the information." He asserts that this amounted to a "fatal variance."

We have already determined that the jury could have reasonably inferred from the evidence that the offenses occurred during the period alleged in the information. We are not persuaded the jury assumed that the date of the offense did not matter. The record shows that the trial judge instructed the jury that the crime, as charged, must have occurred in late 1988, and the jury had before it evidence to that effect.

We also do not find persuasive defendant's argument that a "fatal variance" occurred, i.e. that he was convicted by the jury of a crime other than criminal oral copulation. We fail to see

194

what "other" crime defendant may have been found guilty of by the jury. There is no evidence in the record that the jurors were confused about the offense charged or when it occurred.

3. Sufficiency of the evidence: sexual abuse of a child

Defendant next asserts that the evidence was insufficient to convict him of sexual abuse of a child since the government failed to show that the 11 year-old victim was not his lawful spouse.[2] The relevant statute provides that the acts which constitute sexual abuse of a child must be "with [a] child under the age of 16 years who is not the spouse of the perpetrator." 6 CMC Section 1311(a). Because the wording of the statute is clear on this point, we agree with defendant that the government or special prosecutor, as an element of the crime of sexual abuse of a child, must prove beyond a reasonable doubt that the child is not the spouse of the perpetrator.

In its brief, appellee "notes in response" that Commonwealth

---

[2] The statute under which defendant was charged, 6 CMC Section 1311, states, in part:

(a) It is unlawful to engage in sexual contact, any act of exhibitionism, or sexual exploitation with any child under the age of 16 years who is not the spouse of the perpetrator.

(b) For purposes of this section:

(1) "Child" means a person under the age of 16 years.

(2) "Exhibitionism" means any of the following:

(A) The masturbation of the perpetrator's genitals in the presence of a child;

(B) The intentional exposure of the perpetrator's genitals in the presence of a child, if such exposure is for the purpose of sexual arousal, or gratification, aggression, degradation, or other similar purposes;

(C) Any other sexual act, intentionally perpetrated in the presence of a child, for the purpose of sexual arousal or gratification, aggression, degradation, or other similar purposes.

195

law provides that females under age 16 cannot enter into a valid marriage contract. See 8 CMC Section 1201(a). Such response does not, however, address the issue, which is whether the government has proven beyond a reasonable doubt that the 11 year-old victim was not Oden's spouse. Stated differently, once it is shown, as was the case here, that the victim is under 16 years of age, could the jury reasonably infer and thus find that the child is not Oden's spouse? We believe it could do so under the circumstances presented.[3]

In a criminal prosecution, a material fact may be proven by inference, State v. Montoya, 684 P.2d 510 (N.M. 1984), and such inference may be drawn from circumstantial evidence to prove guilt beyond a reasonable doubt. State v. O'Daniel, 616 P.2d 1383, 1391 (Hawaii 1980). After reviewing the record, we believe that a reasonable trier of fact could have reasonably inferred from the evidence presented that the 11 year-old child undoubtedly is not the spouse of defendant. For example, there was evidence presented at trial that the victim had visited Oden at his home only on a few occasions. We, therefore, reject defendant's contention that the government failed to prove the victim was not defendant's spouse.

4. The validity of the sentence imposed

For defendant's conviction of criminal oral copulation, the trial court imposed the following amended sentence:

---

[3] If defendant and the child were married under the laws of a foreign jurisdiction where one could marry under 16 years of age, such would be an issue of foreign law, which defendant must raise by "reasonable written notice." Rule 26.1, Com.R.Crim.P.

> The defendant shall be placed on probation for a period of five (5) years and shall pay a fine of Two Thousand Dollars ($2,000.00) and shall serve five years in jail, two years suspended with credit for time served of sixteen (16) days.

For his conviction of sexual abuse of a child, the defendant was sentenced to "be placed on probation for five (5) years consecutive with the probation ordered in Count I." Defendant argues that the sentences, taken together, are excessive and, therefore, illegal.

The sentence imposed by the trial court for the offense of sexual abuse of a child is not, by itself, illegal. That crime is punishable by up to five years imprisonment and/or a $2,000.00 fine. 6 CMC Section 1311(c). The five-year probation period imposed by the trial court is within the maximum permissible sentence. No fine was imposed.

The sentence imposed for defendant's conviction of criminal oral copulation, however, is unclear. For such an offense, a defendant "may be punished by imprisonment for not more than five years." 6 CMC Section 1307(b). The trial court, however, sentenced defendant to five years probation, a $2,000 fine, and a five-year prison term with two years suspended.[4] It is possible that the trial court intended that the five-year probation period not begin until <u>after</u> defendant has served his three-year jail term. This construction, however, renders the sentence

---

[4] The trial court's imposition of the $2,000 fine is authorized under 6 CMC Section 4101(b), which authorizes a fine of up to $5,000 in addition to a maximum imprisonment term for conviction of oral copulation. <u>See</u> discussion at Section 5, <u>infra</u>.

197

excessive and illegal.

 Although the trial court is empowered to suspend a sentence and instead impose probation, such suspension -- and the resulting probation -- may "not exceed[] the maximum term of sentence which may be imposed." 6 CMC Section 4113(a).[5] We also note that the trial court "may suspend . . . all _or part_ of a sentence," and thereafter "may reimpose all or part of the suspended sentence" if the defendant violates the terms of his probation. 6 CMC Section 4105 (emphasis supplied).[6]

We construe "the maximum term of a sentence" that may be imposed by the trial court to mean the combined length of any prison term plus any suspended portion (and resulting probation) which is to follow the prison term.[7] Thus, any probation period to be imposed upon a defendant following his prison term may not exceed the remaining balance that one may be imprisoned for that

---

[5] Section 4113(a) of Title 6 of the Commonwealth Code provides, in part:

Upon entering a judgment of conviction of any offense not punishable by life imprisonment, the court, . . . may suspend the imposition of a sentence and may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence which may be imposed, and upon the terms and conditions which the court determines, and shall place the person on probation, under the charge and supervision of a probation officer or any other person designated by the court, during the suspension. (emphasis supplied.)

[6] Section 4105 of Title 6 of the Commonwealth Code provides:

Except as restricted by a specific provision of a section of this title or by section 4102, the court may suspend or modify all or part of a sentence and order probation or other sentencing where that action is deemed to be in the best interests of justice, and may reimpose all or part of the suspended sentence upon violation of the terms of suspension.

[7] We point out that if one receives a suspended sentence of, say, one year, but in the ninth month of his probation violates the probationary terms, the trial court could then order the defendant to serve one year in jail without any "credit" for the nine months of probation already served.

198

offense.[8]

In the instant case, the trial court appears to have sentenced defendant to three years imprisonment followed by five years probation for the offense of criminal oral copulation. Construing the sentence as such would mean the defendant's liberty would be curtailed for a total of eight years for that count. The maximum term of imprisonment which may be imposed for criminal oral copulation, however, is five years. 6 CMC Section 1307(b). So construed, the trial court could not legally impose the stated five-year probationary period because together with the jail term (three years to serve and two suspended), the total would exceed the maximum punishment permissible.

Furthermore, the trial court imposed an additional five-year probation period on defendant for the separate offense of sexual abuse of a child. Such probation period is "to run consecutive with" the probationary period for defendant's other conviction. Were both probation periods to run concurrently with each other, we would find the entire sentence imposed to be legally permissible. Such, however, is apparently not the case. As such, we have no recourse but to set aside the sentence imposed as to the count for criminal oral copulation and remand the case for resentencing so that the sentence overall will clearly not exceed the statutory

---

[8] The federal probation statute, 18 U.S.C. Section 3651 (repealed effective 1987), was similar to 6 CMC Section 4113(a), and authorized a federal district court to "place the defendant on probation for such period and upon such terms and conditions as the court deems best." This language was construed to "not affect a [district court] judge's discretion in fixing the duration of probation." U.S. v. Nunez, 573 F.2d 769, 772 (2nd Cir.), cert. denied 463 U.S. 930, 98 S.Ct. 2828, 56 L.Ed.2d 774 (1978). Six CMC Section 4113(a), however, specifically states that a suspended sentence may not exceed "the maximum term of sentence which may be imposed" and that "during the suspension" the court shall place the person on probation. See note 5, supra.

ⅼimit.

5. <u>The trial by jury for the offense of criminal oral copulation</u>

██Oden presents the unusual constitutional claim that his trial by jury for the offense of criminal oral copulation violated his right to due process. In the Commonwealth, a defendant has the right to a jury trial only if the offense with which he or she is charged is punishable by imprisonment for more than five years or by a fine of more than $2,000, or both. 7 CMC Section 3101(a).

Defendant's assertion that he was wrongly tried by a jury for the criminal oral copulation charge exhibits a basic misunderstanding of the maximum penalty that may be imposed for such offense. Under 6 CMC § 1307(b), the stated maximum sentence which may be imposed for conviction of criminal oral copulation is imprisonment for five years. Such penalty, by itself, does not entitle one to a jury trial. However, a general sentencing statute, 6 CMC § 4101, also provides:

> A person who has been convicted of any offense under [Title 6], unless a fine is elsewhere prescribed by law, in addition to any other punishment authorized by law, may be sentenced to pay a fine not exceeding:
>
> . . .
>
> (b) $5,000 when the conviction is for an offense punishable by a maximum of five years imprisonment.

██Although 6 CMC Section 1307(b) does not expressly provide a monetary fine, 6 CMC Section 4101(b) provides for a maximum fine of $5,000, and therefore entitles defendant to a jury trial for such offense. Since defendant did not waive his right to a jury trial

200

on that count, we fail to see how his trial by jury on this count denied his right to due process.

6. The constitutionality of the criminal oral copulation statute

Defendant contends that the criminal oral copulation statute, 6 CMC Section 1307, is unconstitutional because it "bars oral copulation of any person with another less than 18 years old, even if the parties happen to be husband and wife." Because of this, he argues that the statute is overbroad so as to invade a person's right to privacy and, further, violates one's right to due process and equal protection.

▮This constitutional challenge to the validity of a criminal statute is being raised for the first time on appeal. Since it is an issue of law, not involving issues of fact, we may consider addressing it. Ada v. Sablan, No. 90-006, 1 N.Mar.I. 164 (N.M.I. Nov. 16, 1990). However, we decline to do so because defendant lacks standing to raise the issue.

Oden concedes that he does not fall within that category of individuals whose rights he claims are affected by the statute; defendant and the victim, who was under 18 at the time the offenses occurred, were not married. Defendant nevertheless contends that he has standing to challenge the statute on appeal because "[a]ttacks may be made on an overly broad statute with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity; it is an exception to the rules o

201

standing." Defendant cites <u>Dombrowski v. Pfister</u>, 380 U.S. 479, 85 S.Ct. 1116, 1121, 14 L.Ed.2d 22 (1965), in support. We disagree.

In <u>United States v. Raines</u>, 362 U.S. 17, 80 S.Ct. 519 (1960), the U.S. Supreme Court stated the general rule regarding standing to contest the constitutionality of a statute. The Court reaffirmed that its power to declare a law unconstitutional is "the gravest and most delicate duty that this Court is called on to perform." <u>Raines</u>, 80 S.Ct. at 522, <u>quoting</u> <u>Marbury v. Madison</u>, 1 Cranch 137, 177-180, 2 L.Ed. 60 (1803). The Court further held:

> This Court . . . has no jurisdiction to pronounce any statute . . void, except as it is called upon to adjudge the legal rights of litigants in actual controversies. In the exercise of that jurisdiction, it is bound by two rules . . . one, never to anticipate a question of constitutional law in advance of the necessity of deciding it; the other, never to formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied.

<u>Raines</u>, 80 S.Ct. at 522, <u>quoting</u> <u>Liverpool, New York & Philadelphia S. S. Co. v. Commissioners of Emigration</u>, 13 U.S. 33, 39, 5 S.Ct. 352, 355, 28 L.Ed. 899 (1885).

Such rule of standing means that a person "will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional." <u>Raines</u>, 80 S.Ct. at 522. This rule makes good judicial sense, for it "would indeed be undesirable for this Court to consider every conceivable situation which might possibly arise in the application of complex and comprehensive legislation." <u>Id</u>. at 523, <u>quoting</u> <u>Barrows v. Jackson</u>, 346 U.S. 249, 256, 73 S.Ct. 1031, 1035, 97 L.Ed. 1586

202

(1953). We adopt the _Raines_ rule on standing for our jurisdiction.

Application of the standing rule announced in _Raines_ prohibits defendant from contesting the constitutionality of 6 CMC 1307(b), and we decline to address the constitutional challenge presented by defendant. The exception to the standing rule in _Raines_ which was announced in _Dombrowski v. Pfister_, _supra_, and relied upon by defendant, does not provide defendant the standing he asserts he has.

In _Dombrowski_, the Court ruled that an exception (to the _Raines_ rule of standing) may be granted to a person who is criminally prosecuted under a statute which is so overbroad that it impairs one's right to freedom of expression which is guaranteed under the First Amendment to the U.S. Constitution.[9] Such is not the situation presented by this case. Oden's overbreadth challenge to 6 CMC Section 1307(b) is premised on his contention that the statute violates the rights of married couples (in which one or both spouses is below 18 years of age) to due process, equal protection, and privacy. His challenge is not grounded on the _Dombrowski_ exception to _Raines_, i.e. that the statute impairs the right to freedom of expression.

Nor do we believe that Oden could construct an argument which would accord him standing under _Dombrowski_. Freedom of expression under the First Amendment concerns the freedom to speak, publish,

---

[9] Recently, the U.S. Supreme Court held that "[i]t is well established that _in the area of freedom of expression_ an overbroad regulation may be subject to facial review and invalidation, even though its application in the case under consideration may be constitutionally unobjectionable." _Forsyth County v. The Nationalist Movement_, 60 U.S.L.W. 4597, 4599 (U.S. June 19, 1992), _affirming_ 913 F.2d 885 (11th Cir. 1990) and 934 F.2d 1482 (11th Cir. 1991)(emphasis added).

and congregate. The <u>Dombrowski</u> exception to the general rule of standing simply does not apply in this case. The issue must await a challenge raised by a party with the proper standing. <u>United States v. Raines</u>, 362 U.S. 17, 80 S.Ct. 519.

7. <u>The denial of the motion to disqualify the special prosecutor</u>

Defendant contends the trial court erred in denying his motion to disqualify the special prosecutor, Edward Manibusan. The trial court had earlier granted defendant's motion to disqualify the Criminal Division of the Attorney General's Office because the Office of the Public Defender was representing defendant in the case and thereafter the Chief Public Defender became the Chief of the Criminal Division, which had filed the charges against defendant. Disqualification of the Criminal Division prompted appointment of Manibusan (who by then had resigned as Attorney General) as special prosecutor.

Defendant argues that because Manibusan was the Attorney General when the charges against him were filed, and because defendant, he asserts, had discussed the case with Manibusan when Manibusan was still Attorney General, it was impermissible and in violation of the American Bar Association Code of Professional Conduct (the "ABA Code") for Manibusan to serve as special prosecutor.

We are not persuaded that the trial judge abused his discretion in denying the defendant's motion to disqualify Manibusan from serving as special prosecutor in this case. The

204

trial judge expressed serious doubt as to whether the conversation between Manibusan and defendant ever took place. But even if a conversation took place, we fail to find a violation of Model Rule 1.11(b).

Defendant states that ABA Code Model Rule 1.11(b), which provides that a government attorney who receives confidential government information about a person can not later represent a private client whose interests are adverse to that person, prohibits Manibusan from serving as special prosecutor. This, however, is not a case where a government attorney receives "inside information" about a particular person while in government service, then subsequently enters private practice and uses that information to further his private client's interests.

Manibusan's position at all times was adverse to defendant's interests -- as Attorney General and as special prosecutor. Manibusan never represented defendant. We fail to see how the rule was violated by the fact that Manibusan was in "private practice" when he served as special prosecutor on behalf of the government.

8. <u>Double jeopardy</u>

Defendant finally contends that the offenses of criminal oral copulation and sexual abuse of a child "arose out of the same episode," and therefore his conviction for both offenses constituted double jeopardy. The double jeopardy clause in our Constitution provides as follows:

> No person shall be put twice in jeopardy for the same offense regardless of the governmental entity that first institutes prosecution.[10]

Our double jeopardy clause is patterned after the Double Jeopardy Clause of the U.S. Constitution,[11] which is applicable to the Commonwealth.[12] We therefore resort to federal case law which interprets the U.S. Constitution's Double Jeopardy Clause to ensure that our interpretation of the Commonwealth Constitution's double jeopardy provision provides at least the same protection granted defendants under the federal Double Jeopardy Clause. See In Re The Matter of C.T.M., No. 90-038, 1 N.Mar.I. 171 (N.M.I. Nov. 16, 1990); Lucky Development Co., Ltd. v. Tokai U.S.A., Inc., No. 91-003 (N.M.I. April 16, 1991)(order striking opposition memorandum and denying motion to dismiss appeal).

The federal Double Jeopardy Clause has been construed to protect a person against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. Illinois v. Vitale, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980). Defendant contends he cannot be subject to punishment for both sexual abuse of a child and criminal oral copulation because each of the acts for both offenses constituted a single transaction.

In Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187

---

[10] Commonwealth Constitution, Article I, Section 4(e).

[11] The "Double Jeopardy Clause" of the Fifth Amendment to the U.S. Constitution provides that no person "shall be subject for the same offence to be twice put in jeopardy of life or limb." See Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980).

[12] See Covenant To Establish A Commonwealth Of The Northern Mariana Islands In Political Union With The United States Of America, Section 501(a).

(1977), the U.S. Supreme Court reaffirmed the test applicable to those claims of double jeopardy in which a defendant contends he has been subject to multiple punishments for the same offense:

> [t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

Brown, 432 U.S. at 166, 97 S.Ct. at 2225, quoting Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Also see Vitale, 447 U.S. at 416, 100 S.Ct. at 2265; Durosko v. Lewis, 882 F.2d 357 (9th Cir. 1989).

In examining the trial record, we find that while both offenses took place on the same night, each offense is supported by a different set of facts. Under 6 CMC Section 1311, proof of sexual abuse of a child requires facts proving that one engaged in sexual contact with, exhibitionism in front of, or sexual exploitation of a child under 16 years of age. Under the statute, "exhibitionism" is defined to include intentional exposure of the perpetrator's genitals or any other sexual act, so long as either is done for the purpose of sexual arousal or gratification. 6 CMC Section 1311(b)(2)(B),(C).

In contrast, the charge for criminal oral copulation requires proof only that he engaged in that act with one less than 18 years of age at the time the act occurred. 6 CMC Section 1307(b). Had the government produced evidence at trial that defendant only orally copulated with the victim, his double jeopardy claim might have merit. The evidence shows, however, that defendant not only performed oral copulation on the child, but also that he engaged,

207

for purposes of sexual arousal or gratification, in exhibitionism by both exposing his genitals _and_ engaging in sexual acts with his girlfriend, in the presence of the child. Two distinct sets of facts are involved. The fact that one occurred soon after the other does not make the offenses a "single transaction."

Since there is proof shown in the record that each offense is based on separate acts, we hold that Oden's conviction for each offense does not constitute double jeopardy.

V

CONCLUSION

For the foregoing reasons, we hereby **AFFIRM** defendant's conviction for each offense, but **VACATE** the sentence, and **REMAND** the matter for re-sentencing consistent with this opinion.

DATED: July 6th, 1992, at Saipan, Northern Mariana Islands.

JOSE S. DELA CRUZ
Chief Justice

RAMON G. VILLAGOMEZ
Associate Justice

JESUS C. BORJA
Associate Justice