This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v. NO. 30,526

**MILTON BROCK**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Neil C. Candelaria, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals his convictions for DWI, leaving the scene of an accident, and no insurance. We proposed to affirm in a notice of proposed summary

disposition, and Defendant has filed a memorandum in opposition. In his memorandum in opposition, Defendant also seeks to raise new issues that were not identified in his docketing statement. We construe and analyze these new issues as an implicit motion to amend the docketing statement. Having considered the arguments raised by Defendant in his memorandum and implicit motion and remaining unpersuaded, we affirm his convictions and deny his motion to amend the docketing statement.

**Ineffective Assistance of Counsel**

In his docketing statement, Defendant claimed trial counsel was ineffective in two ways: (1) failing to object after the State's witnesses violated the district court's order prohibiting it from introducing hearsay; and (2) failing to move for a mistrial when a comment was made concerning Defendant's silence. [DS 8] In our notice of proposed summary disposition, we proposed to affirm on both contentions finding that counsel was not ineffective and to the extent any errors were made, Defendant was not prejudiced.

In his memorandum in opposition, Defendant reasserts his ineffective assistance contentions and includes three additional instances of trial counsel's alleged deficiencies. [MIO 6-15] He adds allegations that counsel was deficient in failing to obtain a copy of an Albuquerque Transit Incident Report ("Incident Report") that was allegedly prepared after the accident, failing to present Defendant's theory of defense,

and failing to object to "Repeated Occurrences of Prosecutorial Misconduct." [MIO 2, 10-15]

Turning to Defendant's first contention, the district court excluded any testimony regarding the identification of Defendant by a witness, Sandra Kamm. [MIO 7; RP 170] Defendant claims that counsel should have objected when the driver of the bus, Rick Baker, mentioned there was another witness because Baker's identification was doubtful, and his statement regarding another witness improperly bolstered his credibility and was highly prejudicial. [MIO 3, 8-9] We are not convinced. As discussed in our previous notice, we fail to see how Defendant was prejudiced given that there were no details as to the substance of that other witness's testimony and nothing to suggest that this witness would corroborate Baker's version of events. [MIO 8]

In our previous notice, we also observed that the district court found that Baker never testified regarding another witness. [RP 172] Defendant contends that he and his district court counsel "distinctly recall this testimony," and therefore claims that the case should be reassigned to the general calendar so that the trial transcript can be examined. [MIO 3 n. 3] We disagree because even if Baker mentioned another witness, Defendant has failed to show he was sufficiently prejudiced by this non-specific comment to establish a prima facie case of ineffective assistance, and as discussed in our previous notice, he has failed to convince us that the failure to object

was not a matter of trial tactics employed so as not to draw attention to the fact that there might have been another witness who saw Defendant driving.

We now turn to the statement of the arresting officer, Lopez, who testified that as Defendant was walking back to the scene of the accident, a couple of people, including Baker, "pointed to" Defendant. [MIO 3, 8; RP 172] For the reasons discussed in our previous notice of proposed summary disposition, we are not convinced that the failure to object to this vague statement was not a matter of trial tactics nor are we convinced that Defendant suffered any prejudice as a result of this statement.

As his second assertion of ineffective assistance, Defendant claims counsel was ineffective in failing to move for a mistrial based on an improper comment on Defendant's silence. [DS 8] We affirm for the reasons set forth in our notice of proposed summary disposition and for the reasons set forth later in this opinion when analyzing Defendant's claims of prosecutorial misconduct.

**Motion to Amend the Docketing Statement**

In his memorandum in opposition, Defendant raises three new allegations of ineffective assistance of counsel. [MIO 2, 10-15] He contends that counsel was ineffective in failing to obtain a copy of the Incident Report that was allegedly prepared after the accident, failing to present Defendant's theory of defense, and failing to object to numerous instances of prosecutorial misconduct. [MIO 2, 10-15]

4

As Defendant did not raise these matters in his docketing statement, we consider these contentions as contained in an implicit motion to amend the docketing statement. *See* Rule 12-210(D)(3) NMRA (stating in part that in any memorandum in opposition, "the party shall be restricted to arguing only issues contained in the docketing statement [but] [t]he docketing statement or statement of the issues may be amended at this time for good cause shown with the permission of the appellate court"); Rule 12-208(F) NMRA (providing that this Court "may, upon good cause shown, allow the amendment of the docketing statement"). In cases assigned to the summary calendar, this Court will deny a motion to amend the docketing statement if it raises issues that are not viable, even if the issues allege fundamental or jurisdictional error. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

**Incident Report**

Defendant claims that his trial counsel was ineffective in failing to attempt to obtain the Incident Report prepared after the accident. [MIO 2-3, 10] We are not persuaded that Defendant has established a prima facie case of ineffective assistance on this basis because there is nothing to suggest that the Incident Report would have provided exculpatory evidence by conforming to Baker's initial description to the police. [MIO 10] All we have is counsel's assertions that Defendant "believes" the

5

Incident Report would have included Mr. Baker's contemporaneous description of the driver. [MIO 10] Baker may have initially told Lopez that the driver was Hispanic and five feet eight inches tall, [MIO 1-2] but after Defendant returned to the scene, Baker specifically identified him to Lopez as the person driving. [RP 12, 52, 56]

**Theory of Defense**

We are also not persuaded that trial counsel was deficient in failing to present Defendant's theory of defense. [MIO 11] Defendant claims that he told trial counsel that his car was stolen and claims counsel should have taken additional steps to investigate the actual driver's identification or elicit testimony from Defendant highlighting that the car was stolen. [MIO 11] He notes that he told appellate counsel that he did not have the keys when he tried to obtain his car from the impound lot, [MIO 11] but counsel did not elicit this testimony on the stand. [MIO 11] We disagree.

First, our review of the record indicates that counsel did present Defendant's theory because the record suggests that the jury was told that Defendant never found his keys. [RP 174] Moreover, even if counsel did not fully present Defendant's theory that his car was driven and then stolen by someone else, we are not persuaded that this failure represents a prima facie case of ineffective assistance of counsel. Although Defendant contends that he told appellate counsel he did not have the keys when he tried to obtain his car from the impound lot, he admits this contention is not

6

part of the record so it is unknown whether trial counsel had this information. [MIO 11 n. 8] *See generally, State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 ("Matters not of record present no issue for review."). Furthermore, the record indicates at the time Lopez approached him, Defendant was in possession of the keys to the Buick involved in the accident. [MIO 4; RP 54] There was also evidence that Defendant was the only person in the car at the time of the accident. [RP 171] Therefore, trial counsel could have decided as a matter of trial tactics not to elicit testimony from Defendant that he did not have his keys when he retrieved the vehicle from the impound lot.

Finally, Defendant claims that counsel was deficient for failing to object to "Repeated Occurrences of Prosecutorial Misconduct." [MIO 11-15] The alleged misconduct includes the prosecutor's actions in: (1) failing to disclose or preserve the Incident Report; (2) failing to instruct or control the State's witnesses; (3) eliciting testimony from Lopez regarding Defendant's silence at the scene; and (4) making inappropriate and inflammatory comments during closing. [MIO 12-14] All of these alleged deficiencies are considered in the discussion of other issues in this opinion including Defendant's direct allegations of prosecutorial misconduct, his allegation that counsel should have objected to the testimony of Baker and Lopez regarding other witnesses at the scene, his allegation that Lopez was improperly allowed to testify as to Defendant's silence, and his allegation that defense counsel should have requested

7

the Incident Report.  Therefore, for the reasons set forth in our discussion of those other issues, we are not convinced that Defendant has established a prima facie case of ineffective assistance of counsel based on counsel's failure to object to alleged instances of prosecutorial misconduct.

In sum, we deny Defendant's implicit motion to amend his docketing statement to include additional allegations of ineffective assistance of counsel  because he has failed to raise any viable issue. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying a motion to amend the docketing statement based upon a finding that the motion and the argument offered in support thereof were not viable). Because Defendant has failed to show that he was prejudiced by any of counsel's alleged deficiencies, we reject Defendant's claim that all of counsel's errors, even if individually insufficient, cumulatively rise to the level of a violation of his right to effective counsel.  [MIO 15]

**Prosecutorial Misconduct**

Defendant also seeks to amend his docketing statement to include claims that the prosecutor's "repeated improprieties" constitute reversible prosecutorial misconduct, barring retrial. [MIO 15-31] The alleged misconduct includes the prosecutor's actions in: (1) failing to disclose or preserve the Incident Report; (2) failing to instruct or control the State's witnesses; (3) eliciting testimony from Lopez regarding Defendant's silence and comments on that silence; and (4) making improper comments during closing by asking the jurors if they knew anyone who had been the victim of DWI or had been killed by a drunk driver. [MIO 15-31]

Defendant admits that his contentions of prosecutorial misconduct were not preserved. [MIO 16-18] Therefore, we review these allegations for fundamental error. *See State v. Barber*, 2004-NMSC-019, ¶ 8, 135 N.M. 621, 92 P.3d 633. To find fundamental error, we must be convinced that the prosecutor's conduct created "a reasonable probability that the error was a significant factor in the jury's deliberations in relation to the rest of the evidence before them." *State v. DeGraff*, 2006-NMSC-011, ¶ 21, 139 N.M. 211, 131 P.3d 61 (internal quotation marks and citation omitted). Moreover, we will only set aside a jury verdict if (1) the defendant's guilt is so doubtful as to shock the conscience, or (2) there has been an error in the process implicating the fundamental integrity of the judicial process. *Barber*, 2004-NMSC-019, ¶ 17-18.

Defendant first claims that the prosecutor engaged in misconduct by eliciting testimony in violation of the district court's order excluding any reference to Kamm's on-scene identification. [MIO 18-20] He claims the prosecution wrongfully elicited Baker's testimony regarding another witness and Lopez's testimony that he received identifying information from witnesses at the scene. [MIO 18] We disagree.

First, there is nothing to indicate that the prosecution elicited any comments from Baker or Lopez as to any other witness. To the contrary, the record shows that when Lopez attempted to tell the jury what a witness told him, the prosecutor cut him off and said they could not talk about that. [MIO 8; RP 172] Therefore, the only potentially objectionable statements were Lopez's statement that a couple of people, including Baker, "pointed to" Defendant when he approached the scene and Baker's alleged non-specific mention of another witness. [MIO 3, 8; RP 172] As discussed when analyzing Defendant's ineffective assistance claim, we are not convinced that such isolated comments are enough to prejudice Defendant or to warrant reversal.

We are not convinced that our Supreme Court's opinion in *State v. McClaugherty*, 2008-NMSC-044, 144 N.M. 483, 188 P.3d 1234, warrants a different result. [MIO 18] In that case, the prosecutor recited incriminating statements allegedly provided to the police by two witnesses who were never called to testify and whose statements were never even shown to exist. *Id.* ¶¶ 2, 41. In this case, there is nothing to suggest that the prosecutor elicited the testimony and the testimony consists

10

only of a vague reference to persons who "pointed to" Defendant, not specific allegations or statements of an absent witness. [RP 172] Therefore, we deny Defendant's motion to amend his docketing statement to contend that the prosecution committed misconduct in eliciting improper testimony from Baker or Lopez.

Defendant next contends that the prosecution committed reversible misconduct in failing to preserve or produce evidence that might have impeached Baker's in-court identification, specifically, the Incident Report. [MIO 20-23] We disagree because, as previously discussed, there is nothing to suggest that the Incident Report contained exculpatory or impeaching evidence. [RP 177] *See State v. Montoya*, 101 N.M. 424, 426, 684 P.2d 510, 512 (1984) (rejecting the defendant's assertion that the State committed reversible error by withholding certain records because the defendant failed to show how he was prejudiced by the failure to receive the material).

As his third contention, Defendant claims the prosecutor wrongfully elicited testimony constituting a comment on his silence and then wrongfully commented on that testimony during closing. [MIO 23-29] As discussed in our previous notice, at trial Defendant testified that he was not driving his car but allowed someone else to do so. [RP 174] He also testified that he remembered telling Lopez that he was not driving but that he never had an opportunity or the time to tell him someone else was driving. [RP 174] Lopez testified that Defendant never told him this. [RP 173, 178;

11

DS 7] The prosecution also asked Lopez if Defendant ever identified anyone else who was driving, and Lopez answered no. [RP 178]

In our notice of proposed summary disposition, we proposed to reject a similar contention raised by Defendant under the auspices of his ineffective assistance claim. [DS 6-7] We proposed to affirm because Lopez's testimony does not concern Defendant's silence after he was arrested or after *Miranda* warnings were given, nor does it concern Defendant's failure to testify at trial because Defendant did in fact testify. *See State v. Garvin*, 2005-NMCA-107, ¶ 23, 138 N.M. 164, 117 P.3d 970 (noting in part that the constitutional privilege against self-incrimination prohibits the prosecutor from commenting on a defendant's failure to testify at trial and due process forbids a prosecutor from commenting on a defendant's silence after receiving Miranda warnings); *see also DeGraff*, 2006-NMSC-011, ¶ 14 ("We have recognized the general absence of a constitutional limitation on using pre-arrest silence to impeach[.]"); *State v. Foster,* 1998-NMCA-163, ¶ 13-14, 126 N.M. 177, 967 P.2d 852 (noting that the prosecution's use of a defendant's pre-arrest silence for impeachment purposes does not infringe upon the defendant's Fifth Amendment rights). We also observed that Defendant failed to make any showing that the probative value of Lopez's answer was substantially outweighed by its prejudicial value because admitting evidence that Defendant had failed to identify or even mention the existence of another driver has "significant probative value." *Foster*, 1998-NMCA-163, ¶ 15

12

(holding that evidence that the defendant had previously failed to mention an incident that was integral to his defense had "significant probative value" because "[a] reasonable person could properly find a telling inconsistency between [the] [d]efendant's trial testimony and the statement he gave police").

Defendant recognizes that there is usually no constitutional limitation to using a defendant's pre-arrest silence to impeach his testimony. [MIO 23] *See DeGraff*, 2006-NMSC-011, ¶ 14. He claims however that impeachment was not warranted because Lopez testified as to his silence before he took the stand and denied driving. [MIO 25] We disagree.

In *Foster*, the defendant made the same argument when an officer testified regarding the defendant's failure to mention some potentially exculpatory evidence during a pretrial interview before the defendant had introduced that evidence during his direct testimony. 1998-NMCA-163, ¶ 6. This Court recognized that the defendant's failure to mention the exculpatory evidence during the pretrial interview might not be relevant, and therefore admissible, until the defendant introduced the evidence on direct. *Id.* ¶¶ 6, 18. However, this Court declined to reverse noting that even though the defendant had not yet raised the issue at trial, "the mention of the incident in defense counsel's opening statement may have sufficed to make the issue relevant," and "[i]n any event, there is no question that the evidence would have been

admissible later in the trial, and in these circumstances we will not reverse simply because the evidence was admitted prematurely." *Id.* ¶ 18.

Defendant also claims that absent a transcript, there is no way to determine if his failure to provide details about the alleged driver of the car occurred when he was subject to custodial interrogation. [MIO 24] He then sets forth alternative arguments that might have relevance if he was in custody at the time he interacted with Lopez at the scene of the accident or if he had invoked his right to silence at some point. [MIO 24, 27-28] He suggests that this case be placed on the general calendar due to the possibility that he might have been in custody during the relevant time periods. [MIO 24, 27] We decline to do so given that there is absolutely no indication in the record that Defendant's interaction with Lopez at the scene of the accident occurred after Defendant was in custody. [RP 12-13, 172-173] We see no reason to place this matter on the general calendar to negate what is only an unsupported speculation of Defendant's.

Finally, we disagree with Defendant's contention that the prosecution committed reversible misconduct because by focusing on Defendant's failure to correct his initial statement, the prosecution was focusing on Defendant's silence, not the inconsistency in his statements, and Defendant's reliance on *State v. Pacheco*, 2007-NMCA-140, 142 N.M. 773, 170 P.3d 1011, in support of this contention. [MIO 28] In *Pacheco*, the defendant's silence occurred after he had invoked his *Miranda*

14

rights and his counsel had instructed him not to speak with law enforcement. *Id.* ¶¶ 9-11, 14-15. This is not a case where the defendant was silent by failing to come forward but instead one in which he spoke with Lopez but failed to inform him of the identity of the person who allegedly took his car.

Given that the prosecution did not improperly comment on Defendant's silence, we need not consider whether any such comments constituted fundamental error. [MIO 28-29] Therefore, we deny Defendant's motion to amend his docketing statement to allege that the prosecutor committed reversible misconduct by eliciting testimony regarding, or commenting on, Defendant's silence.

Defendant's final contentions of prosecutorial misconduct concern his contentions that the prosecutor acted improperly during closing by asking the jurors whether they knew any victims of DWI or anyone who had been killed by a drunk driver. [MIO 30] He claims that these remarks were so improper and prejudicial that they warrant reversal of his convictions. [MIO 30-31]

Defendant fails to cite to anything in the record proper to support his contention that these remarks were made by the prosecutor at trial. Assuming without deciding that the prosecutor did indeed make these statements, we agree they were improper. However, we disagree that they rise to the level of fundamental error.

As previously discussed, there was testimony from Baker that Defendant was driving the Buick that hit the bus he was driving. There was testimony that Defendant

15

was intoxicated, that he owned the car that hit the bus, and that he had the keys to that car when he spoke with Lopez at the scene. No one else was identified as a possible driver and Defendant neither told Lopez that someone else was driving nor identified that person. In light of the evidence introduced in support of Defendant's convictions, we are of the opinion that his guilt was not "so doubtful as to shock the conscience" warranting reversal for fundamental error. *See Barber,* 2004-NMSC-019, ¶¶ 14, 40. Therefore, we deny Defendant's motion to amend his docketing statement to include this issue. *See Sommer*, 118 N.M. at 60, 878 P.2d at 1009.

In light of our decision, we need not decide whether retrial would be barred by double jeopardy. [MIO 31-33]

**Conclusion**

For the reasons set forth above as well as those set forth in our notice of proposed summary disposition, we deny Defendant's implicit motion to amend the docketing statement and affirm his convictions.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____

**CYNTHIA A. FRY, Judge**

_____
**LINDA M. VANZI, Judge**